**FAEGRE DRINKER BIDDLE & REATH LLP**
JOSHUA E. ANDERSON (SBN 211320)
*josh.anderson@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
JEFFREY S. JACOBSON (*pro hac vice*)
*jeffrey.jacobson@faegredrinker.com*
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: +1 212 248 3140
Facsimile: +1 212 248 3141

Attorneys for Defendant
SELECT MILK PRODUCERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARYOUT MICHAEL THOMAS BHOTIWIHOK, an individual; JEREMIAH CORNELIUS, an individual; RANDY PAUGH, an individual; AND ALL THOSE SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>FAIRLIFE, LLC, an Illinois limited liability corporation; THE COCA-COLA COMPANY, a Delaware corporation; MIKE MCLOSKEY, an individual; SUE MCCLOSKEY, an individual; SELECT MILK PRODUCERS, INC., a New Mexico corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-1650-ODW-AGR<br><br>Hon. Otis D. Wright II<br>Courtroom 5<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[*Notice of Motion and Motion and [Proposed] Order filed concurrently herewith*]<br><br>Date: October 20, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5D |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 2:25-CV-1650-ODW-AGR

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................2

    A. Plaintiffs' False Advertising Claims Against fairlife and Coca-Cola. ..................................................................................................2

    B. Plaintiffs' Aiding and Abetting Claim Against Select. .......................2

III. LEGAL STANDARD ..........................................................................................3

IV. ARGUMENT .......................................................................................................5

    A. Plaintiffs Fail to Adequately Allege That Select Actually Knew of fairlife and Coca-Cola's Purported False Advertising. ....................5

    B. Plaintiffs Fail to Adequately Allege That Select Substantially Assisted or Encouraged fairlife and Coca-Cola's Purported False Advertising and That Select's Conduct Caused Harm to Plaintiffs. ..............................................................................................9

    C. Plaintiffs Fail to Adequately Allege That fairlife and Coca-Cola Violated the FAL, CLRA, and UCL. ........................................13

V. CONCLUSION .................................................................................................13

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

i

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 4

*Back Story, LLC v. Amazon.com Servs., Inc.*,
  No. 2:24-cv-05733-WLH-PVC, 2025 WL 1012304
  (C.D. Cal. Jan. 30, 2024) ....................................................................................... 10

*Barrett v. Apple Inc.*,
  No. 5:20-cv-4812, 2022 WL 2119131 (N.D. Cal. June 13, 2022) ......................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 3

*Bradshaw v. SLM Corp.*,
  652 Fed. Appx. 593 (9th Cir. 2016) ....................................................................... 6

*Carey v. J.A.K's. Puppies, Inc.*,
  763 F. Supp. 3d 952 (C.D. Cal. 2025) .................................................................... 6

*Casey v. U.S. Bank Nat. Assn.*,
  127 Cal. App. 4th 1138 (2005) ...................................................................... 5, 7, 8

*Cesario v. Biocept, Inc.*,
  No. 23-cv-1803-WQH-BLM, 2025 WL 525120
  (S.D. Cal. Feb. 18, 2025) ................................................................................ 10, 13

*Chang v. Interactive Brokers LLC*,
  No. 21-cv-05967-NC, 2021 WL 5507169
  (N.D. Cal. Nov. 24, 2021) ................................................................................. 4, 5

*EcoHub, LLC v. Recology Inc.*,
  No. 22-cv-09181-TSH, 2023 WL 3852700
  (N.D. Cal. June 6, 2023) ................................................................................ 11, 13

*EMC Corp. v. Sha*,
  No. 13-CV-0118 EJD, 2013 WL 4399025
  (N.D. Cal. Aug. 13, 2013) .................................................................................... 11

*Fiol v. Doellstedt*,
  50 Cal. App. 4th 1318 (1996) .......................................................................... 5, 13

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

*Foley v. Aintabi*,
  No. CV 13-3691 DSF, 2013 WL 12130015
  (C.D. Cal. Nov. 6, 2013) ...................................................................................... 11

*Gholizadeh v. Wells Fargo Bank*,
  No. 2:14–cv–07575–ODW(AGRx), 2014 WL 6884004
  (C.D. Cal. Dec. 3, 2014) ...................................................................................... 4

*Gottex v. Fund Mgmt. Ltd. v. MKA Real Estate Opp. Fund I, LLC*,
  No. SACV 13-922 AG (RNBx),
  2013 WL 12137878 (C.D. Cal. Dec. 23, 2013) ................................................... 13

*Hammett v. Sherman*,
  No. 19-CV-605 JLS (AHG), 2020 WL 1332591
  (S.D. Cal. Mar. 23, 2020) ................................................................................... 12

*Latiff v. Nestle USA, Inc.*,
  No. 2:18-CV-06503-ODW, 2019 WL 4544544
  (C.D. Cal. Sept. 19, 2019) .................................................................................... 4

*Lin v. JPMorgan Chase Bank, N.A.*,
  No. 2:24-cv-1837, 2024 WL 5182199 (C.D. Cal. Aug. 15, 2024) ....................... 6

*Lomeli v. Jackson Hewitt, Inc.*,
  No. 2:17–CV–02899–ODW, 2018 WL 1010268
  (C.D. Cal. Feb. 20, 2018) ..................................................................................... 4

*Markowitz v. Diversified Lending Grp., Inc.*,
  No. 2:09-cv-00483-JHN-RZx, 2010 WL 11507662
  (C.D. Cal. Feb. 26, 2010) ..................................................................................... 7

*McGraw Co. v. Aegis Gen. Ins. Agency, Inc.*,
  No. 16-cv-00274-LB, 2016 WL 3745063 (N.D. Cal. July 13, 2016) ................ 11

*Nasrawi v. Buck Consultants LLC*,
  231 Cal. App. 4th 328 (2014) ......................................................................... 5, 10

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................................. 12

*Neilson v. Union Bank of Cal., N.A.*,
  No. CV 02-06942 MMM, 2003 WL 27374137
  (C.D. Cal. Feb. 20, 2003) ................................................................................... 12

iii

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

*Reed v. Reliant Life Shares LLC*,
 No. 2:23-cv-08577-SB-AGR, 2024 WL 2104385
 (C.D. Cal. April 5, 2024) ................................................................................... 7

*So v. Bay Area Rapid Transit*,
 No. C-12-05671 DMR, 2013 WL 5663207
 (N.D. Cal. Oct. 17, 2013) ................................................................................. 13

*Su v. Henry Global Consulting Grp.*,
 No. 2:20-cv-02235-ODW, 2022 WL 19392
 (C.D. Cal. Jan. 3, 2022) ............................................................................. 11, 12

*Superclinics USA, Inc. v. JPMorgan Chase Bank, N.A.*,
 No. 2:23-cv-00699-ODW-, 2023 WL 5007873
 (C.D. Cal. Aug. 4, 2023) ................................................................................... 8

*Swartz v. KPMG LLP*,
 476 F.3d 756 (9th Cir. 2007) ........................................................................ 7, 10

*Tan v. Quick Box LLC*,
 No. 3:30-cv-1082, 2021 WL 1293862
 (S.D. Cal. Apr. 7, 2021) .................................................................................... 6

*Vox Network Solutions, Inc. v. Gage Techs., Inc.*,
 No. 22-cv-09135-AMO, 2025 WL 929939
 (N.D. Cal. Mar. 27, 2025) ............................................................................... 10

*Xsolla (USA), Inc. v. Aghanim, Inc.*,
 No. 2:24-cv-02116-ODW, 2025 WL 1222196
 (C.D. Cal. April 28, 2025) ............................................................................ 3, 4

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 8 ................................................................................................... 11

Fed. R. Civ. P. 8(a) ........................................................................................... 5, 10

Fed. R. Civ. P. 9(b) ........................................................................................ *passim*

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

1    Defendant Select Milk Producers, Inc. ("Select") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs Aryout Michael Thomas Bhotiwihok, Jeremiah Cornelius, and Randy Paugh's (collectively, "Plaintiffs") aiding and abetting claim against Select in Plaintiffs' First Amended Class Action Complaint ("FAC") (Dkt. 45) for failure to state a claim.

## I.     INTRODUCTION

In this putative class action, Plaintiffs allege that Defendant fairlife, LLC ("fairlife"), a wholly-owned subsidiary of Defendant The Coca-Cola Company ("Coca-Cola") that sells milk-derived products, deceptively marketed those products. Specifically, Plaintiffs contend that fairlife's labeling and marketing statements that (1) the cows that provided the milk for fairlife-branded products are treated humanely and (2) that the fairlife business is environmentally sustainable, are deceptive. Based on those allegations, Plaintiffs assert claims against fairlife and Coca-Cola—but not Select—for breach of express warranty, violations of California's False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and Unfair Competition Law ("UCL"), and unjust enrichment. Against Select and Defendants Mike and Sue McCloskey (the "McCloskeys"), Plaintiffs allege only that they aided and abetted fairlife and Coca-Cola's purported FAL, CLRA, and UCL violations.

Plaintiffs' aiding and abetting claim against Select fails for multiple, independent reasons. Plaintiffs fail to adequately allege that Select had actual knowledge of the specific primary wrongdoing that Select is purported to have aided and abetted, *i.e.*, fairlife and Coca-Cola's supposed false advertising. To the contrary, fairlife, Coca-Cola, the McCloskeys, and Select all are parties to a recent class action settlement, the relief for which included a monitorship for the specific purpose of ensuring the truth of fairlife's ongoing marketing claims. Plaintiffs also fail to allege sufficient facts to support their conclusory allegations that Select substantially assisted or encouraged fairlife and Coca-Cola's supposed false advertising and that

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

Select's conduct caused Plaintiffs to suffer harm. Finally, Select joins in fairlife's and Coca-Cola's arguments seeking dismissal of the primary claims against them for FAL, CLRA, and UCL violations. If those claims fail, then Plaintiffs' claim against Select for aiding and abetting those purported violations also necessarily fails.

## II.  FACTUAL BACKGROUND

### A.  Plaintiffs' False Advertising Claims Against fairlife and Coca-Cola.

Plaintiffs allege that fairlife, which has been wholly owned by Coca-Cola since January 2020, labeled and marketed fairlife-branded milk products as produced from cows that were treated humanely and fairly. *See* FAC ¶¶ 28, 32-41. Plaintiffs allege that those labeling and marketing statements are false and misleading because, they claim, investigations by the Animal Recovery Mission ("ARM") have shown that cows producing milk used in fairlife-branded products were not treated humanely or fairly. *Id.* ¶¶ 53-83. Plaintiffs also allege that fairlife deceptively markets its milk products as environmentally sustainable when, allegedly, they are not. *Id.* ¶¶ 84-135. Based on these allegations, Plaintiffs assert claims against fairlife and Coca-Cola for breach of express warranty, violations of the FAL, UCL, and CLRA, and unjust enrichment. *Id.* ¶¶ 211-289.

### B.  Plaintiffs' Aiding and Abetting Claim Against Select.

Plaintiffs allege that Select "is one of the largest dairy cooperatives in the United States" and that Select "partnered with Coca-Cola to start the fairlife brand as a joint venture, which was started in 2014." FAC ¶¶ 21, 27. That is true, but Plaintiffs admit that Coca-Cola bought all of Select's remaining shares in fairlife in January 2020. *Id.* ¶ 28. Accordingly, for more than five years now, Coca-Cola has owned 100% of fairlife's shares. For that reason, Plaintiffs cannot and do not assert any direct claims against Select. Instead, against Select and the McCloskeys, Plaintiffs assert a single claim for "aiding and abetting" what they characterize as fairlife's and Coca-Cola's purported violations of the FAL, UCL, and CLRA, but only to the extent

2

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

those claims seek injunctive relief. *Id.* ¶¶ 290-295. The entirety of Plaintiffs' substantive aiding and abetting allegations against Select is as follows:

> 291. Plaintiffs bring this claim for aiding and abetting against Defendants Select Milk and the McCloskeys. These Defendants have aided and abetted Defendants fairlife and Coca-Cola's false advertising, unfair competition (injunctive relief only), and CLRA violations (injunctive relief only), as set forth in Plaintiffs' Second, Third, and Fourth Claims for Relief above.
>
> 292. These Defendants substantially aided and/or encouraged Defendants fairlife and Coca-Cola' unlawful and wrongful false advertising and unfair competition conduct and practices.
>
> 293. These Defendants had accrual [sic: Plaintiffs likely meant to say "actual"] knowledge of the purpose and unlawful practices of Defendants fairlife and Coca-Cola.
>
> 294. Defendants' aiding and abetting has caused economic harm to the Plaintiffs and the members of the Class.

FAC ¶¶ 291-294. Plaintiffs plead no facts to support their claims of knowledge by Select (or the McCloskeys) of any misconduct by fairlife or Coca-Cola.

## III. LEGAL STANDARD

"A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory." *Xsolla (USA), Inc. v. Aghanim, Inc.*, No. 2:24-cv-02116-ODW (AGRx), 2025 WL 1222196, at *5 (C.D. Cal. April 28, 2025). "The factual 'allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "That is, the 'complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief.'" *Latiff v. Nestle USA, Inc.*, No. 2:18-CV-06503-ODW (JPRx), 2019 WL 4544544, at *1 (C.D. Cal. Sept. 19, 2019). "The determination of whether a complaint satisfies the plausibility standard is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Xsolla*, 2025 WL 1222196, at *5 (quoting *Iqbal*, 556 U.S. at 679). "[A] court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences." *Id.*

   In addition, Rule 9(b)'s heightened requirements apply to aiding and abetting claims that are grounded in fraud. *See, e.g., Chang v. Interactive Brokers LLC*, No. 21-cv-05967-NC, 2021 WL 5507169, at *3 (N.D. Cal. Nov. 24, 2021). Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "'Particularity' means that fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Gholizadeh v. Wells Fargo Bank*, No. 2:14–cv–07575–ODW(AGRx), 2014 WL 6884004, at *3 (C.D. Cal. Dec. 3, 2014). "This heightened pleading standard ensures that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Lomeli v. Jackson Hewitt, Inc.*, No. 2:17–CV–02899–ODW (KSx), 2018 WL 1010268, at *4 (C.D. Cal. Feb. 20, 2018).

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

4
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

## IV. ARGUMENT

Under California law, the elements of a claim for aiding and abetting a tort are: (1) a third party's breach of a tort duty to plaintiff; (2) defendant's actual knowledge of that breach; (3) defendant's substantial assistance or encouragement of the third party's breach; and (4) defendant's conduct was a substantial factor in causing harm to plaintiff. *See* Judicial Council of Cal. Civ. Jury Instns. (CACI) (2015) No. 3610; *Nasrawi v. Buck Consultants LLC*, 231 Cal. App. 4th 328, 343 (2014); *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144-53 (2005). "Mere knowledge that a tort is being committed and the failure to prevent it does not constitute aiding and abetting." *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1996).

Here, Plaintiffs allege that Select aided and abetted fairlife and Coca-Cola's violations of the FAL, CLRA, and UCL. FAC ¶ 291. Because all those claims are grounded in fraud, *see*, *e.g.*, *id.* ¶¶ 228-245, 251, 254, 257-58, 270-274, Plaintiffs' aiding and abetting claim must satisfy the particularity standard of Rule 9(b), in addition to the plausibility standard of Rule 8(a). *See*, *e.g.*, *Chang*, 2021 WL 5507169, at *3. Under either standard, Plaintiffs' aiding and abetting claim against Select fails for multiple reasons.

### A. Plaintiffs Fail to Adequately Allege That Select Actually Knew of fairlife and Coca-Cola's Purported False Advertising.

Plaintiffs' aiding and abetting claim against Select fails because they have not adequately alleged the knowledge requirement of such a claim. "California courts have long held that liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong the defendant substantially assisted." *Casey*, 127 Cal. App. 4th at 1145. "[I]n order to analyze the sufficiency of a claim for aiding and abetting" tortious conduct, a court must "'identify precisely'" the conduct for which the plaintiff seeks to hold the defendant liable. *Id.* at 1149; *see also Barrett v. Apple Inc.*, No. 5:20-cv-4812, 2022 WL 2119131, at *8 (N.D. Cal. June 13, 2022) (dismissing claims that the defendant aided and abetted UCL and FAL

5

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

violations because the plaintiff "had not pled facts from which it could be inferred that Apple gave 'substantial assistance or encouragement' to the scammers, or that Apple 'reached a conscious decision to participate' in the scam"). "Only where the circumstances are such that the defendant 'must have known' and not 'should have known' will an inference of actual knowledge be permitted." *Lin v. JPMorgan Chase Bank, N.A.*, No. 2:24-cv-1837, 2024 WL 5182199, at *6 (C.D. Cal. Aug. 15, 2024) (emphasis omitted).

*Tan v. Quick Box LLC*, No. 3:30-cv-1082, 2021 WL 1293862 (S.D. Cal. Apr. 7, 2021), is a case in point. In *Tan*, the court stated that to survive a motion to dismiss, "a plaintiff must plead facts that make it plausible that defendants either (a) knew the other's conduct constituted a breach of duty and gave substantial assistance or encouragement to the other to so act or (b) gave substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constituted a breach of duty to the third person." *Id.* at *11 (quoting *Bradshaw v. SLM Corp.*, 652 Fed. Appx. 593, 594 (9th Cir. 2016)) (internal quotation marks and brackets omitted). Such allegations must satisfy Rule 9(b), including how the defendant had "actual knowledge of the primary violation." *Id.* The allegations in *Tan* survived a motion to dismiss because the plaintiff alleged the defendant fielded customer complaints about the primary defendant, processed refunds and chargebacks from dissatisfied customers, and actually wrote the advertising and website copy the plaintiffs claimed was misleading. *See id.* at *12. Similarly, in *Carey v. J.A.K's. Puppies, Inc.*, 763 F. Supp. 3d 952, 993 (C.D. Cal. 2025), which involved the specific context of animals, the aiding-and-abetting defendant allegedly procured mill-bred puppies and set up the mechanics of the scheme the primary defendants used to market the puppies as having been "rescued" from shelters.

Plaintiffs' allegations here fall far short of the mark. Because false advertising is the specific primary wrong that Select allegedly assisted, Plaintiffs must allege that

Faegre Drinker Biddle & Reath LLP
Attorneys at Law
Los Angeles

6

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

Select had actual knowledge of that purported false advertising. Plaintiffs have failed to do so. Even had Plaintiffs sufficiently alleged the falsity of fairlife's advertising (which they have not), Plaintiffs have not alleged facts to demonstrate *Select's* actual knowledge of that falsity. Instead, Plaintiffs only allege in bare terms that: "These Defendants had accrual [probably meant to be 'actual'] knowledge of the purpose and unlawful practices of Defendants fairlife and Coca-Cola." FAC ¶ 293. That allegation is insufficient for two independent reasons.

*First*, Plaintiffs impermissibly lump "Defendants" together. *See*, *e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'").

*Second*, vaguely alleging that Select knew of fairlife and Coca-Cola's "purpose and unlawful practices" is not sufficient. Plaintiffs must, but cannot and do not, allege that Select had actual knowledge of the specific primary wrongdoing, *i.e.*, fairlife and Coca-Cola's purported false advertising. *See*, *e.g.*, *Casey*, 127 Cal. App. 4th at 1152-53 (affirming dismissal of aiding and abetting claim and finding inadequate allegations of knowledge of "wrongful or illegal conduct," "criminal and wrongful enterprise," and "the primary wrongdoing"); *Markowitz v. Diversified Lending Grp., Inc.*, No. 2:09-cv-00483-JHN-RZx, 2010 WL 11507662, at *8-9 (C.D. Cal. Feb. 26, 2010) (dismissing aiding and abetting claim because plaintiffs failed to allege defendant's knowledge of "the specific primary wrong," *i.e.*, tortfeasor's "fraudulent Ponzi scheme" and finding inadequate allegations of knowledge of tortfeasor's "breach of fiduciary duty"); *see also Reed v. Reliant Life Shares LLC*, No. 2:23-cv-08577-SB-AGR, 2024 WL 2104385, at *12 (C.D. Cal. April 5, 2024) (dismissing aiding and abetting claim because "[k]nowledge of irregular transactions is not

7

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

enough to sustain a plausible inference that UMB knew RLS was misappropriating funds") (citing *Casey*); *Superclinics USA, Inc. v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-00699-ODW- (MAAx), 2023 WL 5007873, at *3-4 (C.D. Cal. Aug. 4, 2023) (dismissing aiding and abetting claim because allegation of knowledge of "numerous red flags from [tortfeasor's] eleven unauthorized withdrawals" is insufficient to allege actual knowledge of fraud).

Because Plaintiffs have failed to adequately allege the knowledge element of their aiding and abetting claim against Select, this Court should dismiss that claim. The dismissal should be with prejudice because Plaintiffs cannot salvage this claim in any amended complaint. Plaintiffs' proposed class period begins on **February 26, 2021** (*see* FAC ¶ 199), but they also specifically allege that Select owned no interest in fairlife after **January 2020**. *See id.* ¶¶ 2, 18, 21, 28. It is not plausible that Select could have had actual knowledge of fairlife and Coca-Cola's advertising **and** the purported falsity of that advertising when more than a year had passed since Select ceased to have any ownership interest in fairlife.

Plaintiffs also have another fundamental problem. In 2022, fairlife, Coca-Cola, the McCloskeys, and Select entered into a nationwide class action settlement in the United States District Court for the Northern District of Illinois in multidistrict litigation involving allegations nearly identical to those pleaded here.[1] The settlement included a "Stipulated Injunction" to ensure the fair and humane treatment of cows producing milk for fairlife-branded products. As part of that settlement, a monitor (retired United States District Court Judge Wayne Andersen) has systematically investigated Select farms providing milk to fairlife for use in fairlife-branded products and made reports to the court of those farms' humane treatment of animals.

---

[1] *See* Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Final Judgment and Awarding Attorneys' Fees, Costs, and Service Award ("Final Judgment"), Dkt. No. 180, *In re: Fairlife Milk Prods. Mktg. & Sales Pracs. Litig.* ("*Fairlife*") (N.D. Ill. Sept. 28, 2022); Class Action Settlement Agreement and Release, Dkt. No. 153-1, *Fairlife* (N.D. Ill. April 14, 2022).

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

8
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

1  *See* Stipulated Injunction, Dkt. No. 181, *Fairlife* (N.D. Ill. Sept. 28, 2022). Plaintiffs
2  plead nothing to suggest Judge Andersen's investigation has been anything other than
3  thorough, and they certainly plead nothing to suggest knowledge by Select that any
4  milk provided for use in fairlife-branded products—from Select farms or any other—
5  came from cows not treated humanely. Further, at least one of the Plaintiffs here (Mr.
6  Bhotiwihok) expressly pleads that he purchased fairlife products during the
7  settlement class period, making him a member of the settlement class. *Compare* FAC
8  ¶ 12 (alleging that Mr. Bhotiwihok bought fairlife-branded milk products "from
9  approximately 2019 through 2025), *with* Final Judgment, Dkt. No. 180, at 2, *Fairlife*
10 (N.D. Ill. Sept. 28, 2022) (certifying a settlement class of: "All Persons in the United
11 States, its territories, and the District of Columbia who purchased, for personal use
12 and not for resale, any Covered Product on or before the Preliminary Approval Date,"
13 *i.e.*, April 27, 2022). The settlement's injunctive relief provisions require Judge
14 Andersen to investigate claims, like those pleaded in this case, of alleged animal
15 abuse at farms supplying fairlife. *See* Stipulated Injunction, Dkt. No. 181, at 5-6,
16 *Fairlife* (N.D. Ill. Sept. 28, 2022). For that reason, Select has filed a motion in the
17 Northern District of Illinois to enforce the settlement and Final Judgment and to
18 preclude members of the settlement class from participating in this case as named
19 plaintiffs or members of the putative class.

### B. Plaintiffs Fail to Adequately Allege That Select Substantially Assisted or Encouraged fairlife and Coca-Cola's Purported False Advertising and That Select's Conduct Caused Harm to Plaintiffs.

Just as Plaintiffs have failed to plead Select's actual knowledge of UCL, FAL, and CLRA violations purportedly committed by fairlife and Coca-Cola, Plaintiffs have failed to adequately allege the substantial assistance or encouragement and causation requirements of their aiding and abetting claim against Select. As noted above, under California law, an aiding and abetting claim requires, among other things, "substantial assistance or encouragement by defendant to the third party's"

Faegre Drinker Biddle & Reath LLP
Attorneys at Law
Los Angeles

9

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

tort breach and that "defendant's conduct was a substantial factor in causing harm to plaintiff." *See Nasrawi*, 231 Cal. App. 4th at 343.

Here, Plaintiffs allege only in bare terms that: (1) "These Defendants substantially aided and/or encouraged Defendants fairlife and Coca-Cola' unlawful and wrongful false advertising and unfair competition conduct and practices;" and (2) "Defendants' aiding and abetting has caused economic harm to the Plaintiffs and the members of the Class." FAC ¶¶ 292, 294. Those conclusory allegations are deficient for at least two reasons.

*First*, Plaintiffs again impermissibly lump "Defendants" together. *See*, *e.g.*, *Swartz*, 476 F.3d 756, 764-65; *Back Story, LLC v. Amazon.com Servs., Inc.*, No. 2:24-cv-05733-WLH-PVC, 2025 WL 1012304, at *11 (C.D. Cal. Jan. 30, 2024).

*Second*, Plaintiffs' conclusory allegations of substantial assistance or encouragement and causation fail to satisfy both Rule 8(a) and Rule 9(b), because Plaintiffs fail to allege what Select conduct substantially assisted or encouraged fairlife and Coca-Cola's supposed false advertising or how that unidentified conduct caused Plaintiffs harm. *See*, *e.g.*, *Vox Network Solutions, Inc. v. Gage Techs., Inc.*, No. 22-cv-09135-AMO, 2025 WL 929939, at *6 (N.D. Cal. Mar. 27, 2025) (dismissing aiding and abetting claim and finding that "conclusory" allegations that defendant "provided substantial assistance and/or encouragement" to the other defendants, "without any facts to describe the assistance or encouragement that was provided, are insufficient"); *Cesario v. Biocept, Inc.*, No. 23-cv-1803-WQH-BLM, 2025 WL 525120, at *34 (S.D. Cal. Feb. 18, 2025) (dismissing aiding and abetting claim because "the SAC contains no particularized facts alleging how the defendants gave Biocept 'substantial assistance' in carrying out the alleged fraud"); *Back Story*, 2025 WL 1012304, at *11 (C.D. Cal. Jan. 30, 2024) (dismissing aiding and abetting claim and finding that allegation that "Defendants provided substantial assistance to the fraud when they hatched the fraudulent scheme and decided how to target

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

10

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

1   Plaintiff" failed to satisfy Rule 9(b)) (internal quotation omitted); *EcoHub, LLC v. Recology Inc.*, No. 22-cv-09181-TSH, 2023 WL 3852700, at *9 (N.D. Cal. June 6, 2023) (dismissing aiding and abetting claim because "the allegations do not make clear what Recology conduct allegedly constitutes substantial assistance or encouragement"); *Su v. Henry Global Consulting Grp.*, No. 2:20-cv-02235-ODW (PLAx), 2022 WL 19392, at *5 (C.D. Cal. Jan. 3, 2022) (Wright, J.) (dismissing aiding and abetting claim; "To satisfy the substantial assistance prong, Rule 9(b) requires that Plaintiffs plead the specific 'acts or omissions that comprise the necessary substantial assistance.' 'Generalized and conclusory allegations that a defendant aided and abetted the principal wrongdoers will not suffice.' As discussed above, Plaintiffs do not describe with any degree of particularity how Tongzhao substantially assisted in Global's alleged fraudulent nondisclosure. Plaintiffs also fail to allege sufficient facts to explain how Tongzhao was a 'substantial factor' in causing their injury.").[2]

Plaintiffs may point to their allegations about a 2024-25 ARM investigation, FAC ¶¶ 75-82, but those allegations do not save their aiding and abetting claim

---

[2] *See also McGraw Co. v. Aegis Gen. Ins. Agency, Inc.*, No. 16-cv-00274-LB, 2016 WL 3745063, at *6 (N.D. Cal. July 13, 2016) (dismissing aiding and abetting claim and finding allegations that defendants "solicited, encouraged and provided material support" to another defendant insufficient under Rule 9(b) because they fail to "detail[] the alleged assistance in a way that would permit the defendants to prepare an adequate answer, other than merely denying that they did anything wrong"); *Foley v. Aintabi*, No. CV 13-3691 DSF (SSx), 2013 WL 12130015, at *5 (C.D. Cal. Nov. 6, 2013) ("Plaintiffs allege only that these entities 'actively participated in the fraud and/or substantially assisted it.' Such allegations (which make no attempt to specify the conduct of each defendant or differentiate among them) would not survive a motion to dismiss."); *EMC Corp. v. Sha*, No. 13–CV–0118 EJD, 2013 WL 4399025, at *6 (N.D. Cal. Aug. 13, 2013) ("Plaintiff's Complaint contains no more than the following 'threadbare recitals' of the elements for this cause of action: Namboori .... knew that Defendant Ron Sha was breaching his fiduciary duty to EMC.... Namboori knowingly gave substantial assistance and/or encouraged Defendant Ron Sha to breach his fiduciary duty to EMC....By reason of Defendants Mrs. Sha, Namboori, and Vista Point's aiding and abetting the unlawful, fraudulent and improper conduct as alleged herein, EMC has suffered substantial damages.... Such legal conclusions, unsupported by any factual allegations suggesting how Mr. Namboori knew that Mr. Sha risked breaching his fiduciary duty or how Mr. Namboori encouraged Mr. Sha in doing so, fails to meet the Rule 8 pleading standard.").

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

11
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

against Select. Plaintiffs allege that Woodcrest Dairy—the subject of that investigation—"is a Select Milk Producers farm." *Id.* ¶ 75. Plaintiffs do not allege what that vague allegation means. It plainly does ***not*** mean that Select owns that farm because plaintiffs allege that five individuals own the farm, *id.*, and they do not allege that any of those individuals have any affiliation with Select. Plaintiffs also do not allege that Select employees or representatives directed or took part in the conduct described in the 2024-25 ARM investigation or took any action at all related to it.

At most, Plaintiffs allege that Select (and the other Defendants) "knew, or should have known, of this animal abuse and neglect, including its extreme, prolonged, widespread, and repeated nature." FAC ¶ 81. But such allegations of ***constructive*** knowledge are insufficient to support an aiding and abetting claim, which, as detailed above, requires ***actual*** knowledge. *See*, *e.g.*, *Su*, 2022 WL 19392, at *5 ("'[F]ederal courts have found that the phrase 'knew or should have known' does not plead actual knowledge.'"); *Hammett v. Sherman*, No. 19-CV-605 JLS (AHG), 2020 WL 1332591, at *9 (S.D. Cal. Mar. 23, 2020) ("These allegations amount to the type of 'knew or should have known' allegations that federal courts have found insufficient to plead actual knowledge."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1118-19 (C.D. Cal. 2003) ("California law requires that a defendant have actual knowledge of tortious activity before it can be held liable as an aider and abettor, and federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge."); *Neilson v. Union Bank of Cal., N.A.*, No. CV 02-06942 MMM (CWx), 2003 WL 27374137, at *10 (C.D. Cal. Feb. 20, 2003) ("Pleading that defendants 'knew or should have known' does not plead they had actual knowledge of Slatkin's wrongful conduct."). In any event, as explained in detail in Section II, *supra*, Plaintiff must allege (but have not alleged) Select's actual knowledge of fairlife and Coca-Cola's supposed ***false advertising***, not Select's knowledge of supposed ***animal abuse and neglect***.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

12
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

Finally, even if Plaintiffs had alleged Select's knowledge of fairlife and Coca-Cola's supposed false advertising, they have not alleged any conduct at all by Select. "Mere knowledge that a tort is being committed and failure to prevent it does not constitute aiding and abetting,'" because, "'[a]s a general rule, one owes no duty to control the conduct of another.'" *Gottex v. Fund Mgmt. Ltd. v. MKA Real Estate Opp. Fund I, LLC*, No. SACV 13-922 AG (RNBx), 2013 WL 12137878, at *5 (C.D. Cal. Dec. 23, 2013); *see also Fiol*, 50 Cal. App. 4th at 1326; *So v. Bay Area Rapid Transit*, No. C-12-05671 DMR, 2013 WL 5663207, at *12 (N.D. Cal. Oct. 17, 2013) (same).

Because Plaintiffs have failed to adequately allege the substantial assistance or encouragement and causation requirements of their aiding and abetting claim against Select, this Court should dismiss that claim.

### C. Plaintiffs Fail to Adequately Allege That fairlife and Coca-Cola Violated the FAL, CLRA, and UCL.

Plaintiffs allege that Select aided and abetted fairlife and Coca-Cola's violations of the FAL, CLRA, and UCL. FAC ¶ 291. Concurrently herewith, fairlife and Coca-Cola have moved to dismiss those claims. To the extent that this Court dismisses those claims, it should also dismiss Plaintiffs' aiding and abetting claim against Select. *See*, *e.g.*, *Cesario*, 2025 WL 525120, at *34 ("Plaintiff's aiding and abetting fraud claims fail because, as explained above, the SAC does not sufficiently allege the underlying tort of fraud."); *EcoHub*, 2023 WL 3852700, at *9 ("The Court agrees with Recology that EcoHub's failure to adequately plead a breach of fiduciary duty against Nortech is fatal to the aiding and abetting claim.").

## V. CONCLUSION

For the foregoing reasons, Select's Motion should be granted and Plaintiffs' aiding and abetting claim against it should be dismissed.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

13

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

Dated: August 7, 2025

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Joshua E. Anderson*
    JOSHUA E. ANDERSON
    JEFFREY S. JACOBSON (*pro hac vice*)

Attorneys for Defendant
SELECT MILK PRODUCERS, INC.

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

14

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Select Milk Producers, Inc. certifies that this brief contains 4,224 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 7, 2025

By: */s/ Joshua E. Anderson*
    JOSHUA E. ANDERSON
    JEFFREY S. JACOBSON (*pro hac vice*)

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SELECT MILK PRODUCERS, INC.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT - Case No. 2:25-CV-1650-ODW-AGR