Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
Brian E. Klein (Bar No. 258486)
  bklein@waymakerlaw.com
Sam S. Meehan (Bar No. 307934)
  smeehan@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Cheryl L. Leahy (Bar No. 270665)
  cherylleahylaw@gmail.com
Law Office of Cheryl Leahy
 2215 Artesia Blvd., #1185
Redondo Beach, California 90278
Telephone: (773) 259-7760

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ARYOUT MICHAEL THOMAS BHOTIWIHOK, an individual; JEREMIAH CORNELIUS, an individual; RANDY PAUGH, an individual; AND ALL THOSE SIMILARLY SITUATED,<br><br>          Plaintiffs,<br><br>     v. | Case No.: 2:25-cv-1650-ODW-AGR<br><br>**NOTICE OF RULING**<br><br>**CLASS ACTION**<br><br>Judge: The Hon. Otis D. Wright II<br><br>Complaint Filed: February 26, 2025 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | FAIRLIFE, LLC, an Illinois limited liability corporation; THE COCA-COLA COMPANY, a Delaware corporation; MIKE MCLOSKEY, an individual; SUE MCCLOSKEY, an individual; SELECT MILK PRODUCERS, INC., a New Mexico corporation; and DOES 1-10,<br><br>        Defendants. |

NOTICE OF RULING

Plaintiffs advise the Court that Judge Robert M. Dow, Jr., in the now settled and terminated class action captioned *In Re: Fairlife Milk Products Marketing and Sales Practices Litigation*, on November 14, 2025, in the attached Order (Exhibit A), denied Defendant Select Milk Producers, Inc.'s motion to enforce the settlement agreement and final judgment.

DATED:  November 14, 2025                WAYMAKER LLP

By:  */s/ Donald R. Pepperman*
Donald R. Pepperman
Brian E. Klein
Sam S. Meehan

LAW OFFICE OF CHERYL LEAHY
Cheryl L. Leahy

*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: FAIRLIFE MILK PRODUCTS | ) | Master Case No. 19-cv-3924 |
| | ) | |
| MARKETING AND SALES | ) | MDL No. 2909 |
| | ) | |
| PRACTICES LITIGATION | ) | Judge Robert M. Dow, Jr. |

**ORDER**

For the reasons stated below, Defendant Select Milk Producers, Inc.'s motion to enforce settlement agreement and final judgment [183] is respectfully denied. In addition, the motions of Attorneys Leahy, Pepperman, and Meehan for leave to appear *pro hac vice* [193, 194, 195] are granted.

**DISCUSSION**

Before the Court is a motion to enforce the class action settlement agreement that terminated MDL 2909 more than three years ago [see 180 (final judgment order); 181 (stipulated injunction)]. The motion is procedurally proper, as this Court "reserve[d] jurisdiction * * * as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and Final Order and Judgment and for any other necessary purposes." [180, at 13.] Nevertheless, the Court denies the motion as it is premature to conclude that the pending California litigation referred to in the complaint is on an inevitable collision course with the final judgment entered in MDL 2909. Moreover, if as the California litigation matures, an unavoidable conflict emerges, the California court possesses the authority to ensure that (a) the MDL settlement and final judgment are given preclusive effect so that the parties to that litigation are held to the terms of their agreement and (b) any parties who are deemed to be pursuing separate and independent claims have a full and fair opportunity to litigate those claims.

By way of background, in the MDL settlement Defendants agreed to pay $21 million to a class of persons who purchased Defendants' milk products prior to April 27, 2022, and subjected themselves to certain injunctive relief,[1] in exchange for a broad release of all claims encompassed within the operative complaint. In February 2025, a group of plaintiffs filed a putative class action complaint in the Central District of California against the same Defendants who were sued in MDL 2909. *Bhotiwihok v. Fairlife, LLC*, Case No. 2:25-cv-1650-ODW-AG (C.D. Cal.). The complaint contains allegations of deceptive labeling and marketing of milk products similar to those litigated in MDL 2909.

Defendants insist that the claims asserted in the California litigation are so similar that they are barred by the settlement, release, and final judgment in MDL 2909 under a straightforward application of *res judicata* principles. [185, at 1-3.] The California Plaintiffs acknowledge that their complaint "describes the [MDL] litigation and subsequent settlement," but insist that such information "is included in the [California complaint] solely for context and state of the defendants' minds/intent purposes, not as a basis for liability." [202, at 3.] The California complaint, they say, "is premised on different, new, and worse unlawful conduct occurring *after* the Settlement, falling outside its scope." [*Id.*, at 1.] Specifically, they point to investigations taking place from 2023-2025 that form the basis for their allegations of abusive conduct. [*Id.*, at 2.]

---

[1] The injunction to which the parties agreed called for a three-year period during which Defendants' compliance with the terms of the settlement would be audited by Validus Verification Services and monitored by the Honorable Wayne Andersen, a retired federal judge who had assisted the parties in negotiating the original settlement. The injunction expired on October 28, 2025. Any quarrel between the parties as to overlap between any injunctive relief requested in the California complaint and the injunction entered in MDL 2909 thus would appear to be moot.

2

Prudence dictates that this Court deny the motion, at least at this juncture. The California litigation remains at an early stage. The parties and the assigned judge have at their disposal many levers – including amended pleadings, dispositive motions, and the class certification process – through which they can ensure that (a) the parties to MDL 2909 receive the benefits of their bargain, including as to the release, and (b) the plaintiffs (and putative absent class members) in the California litigation may pursue those claims (and only those claims) that remain viable in view of the MDL settlement.[2] The instant motion surely has placed all of these preclusion issues front and center in the California litigation, to be resolved in due course.

The Court's reticence to intervene finds support in the case law, including the cases cited in Defendants' own motion. [See 185, at 14.] In each of those cases, the *res judicata* determination was made not by the court that had entered the initial class action judgment claimed to have preclusive effect, but instead by the court that before which the second action was pending. *Rosenberg v. S.C. Johnson & Son, Inc.*, 2023 WL 1795192, at *12 (E.D. Wis. Feb. 7, 2023) (concluding that individuals who opted out of a prior settlement "may still be able to proceed in some fashion, either individually or as a class" in subsequent litigation, but "class members who did not opt out of [the prior settlement] are precluded from participating in this action"); *Hernandez v. Multi-Servicios Latino, Inc.*, 2019 WL 5634201, at *2 (N.D. Ill. Oct. 31, 2019) (granting motion to dismiss on grounds that *res judicata* effect of a prior class action settlement agreement precluded later litigation); *Purnell v. Sheriff of Cook County*, 2009 WL 1210651, at *3-4 (N.D. Ill. May 4, 2009) (granting motion for summary judgment based on prior class action settlement). To be sure,

---

[2] The California Court also can determine whether the investigation giving rise to the claims asserted in the California lawsuit in any way violated the terms of the MDL settlement calling for Judge Andersen to monitor Defendants' compliance, as Defendants contend [see 204, at 2-3].

3

there are cases going the other way.  See, *e.g.*, *Williams v. General Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 275 (7th Cir. 1998) (holding that "the district court did not abuse its discretion in entering an injunction * * * prohibit[ing] [plaintiffs] from re-litigating their claims in another forum").  But the *TikTok* case cited by the parties is distinguishable in that the preclusion question was presented to the same MDL transferee court that had entered the earlier settlement and final judgment.[3]  See *in re TikTok Inc. Consumer Privacy Litigation*, 713 F. Supp. 3d 470, 502 (N.D. Ill. 2024) ("The IAB Plaintiffs' claims are not subject to dismissal on the basis of the settlement in MDL No. 2948 at this time, and may proceed for coordinated pretrial proceedings before this court in accordance with the JPML's order").  In other words, there was no subsequent pending action in which the motion might have been resolved.

Dated: November 14, 2025

_____
Robert M. Dow, Jr.
United States District Judge

---

[3] Judge Lee approved the final settlement in the MDL in August 2022, see *TikTok*, 713 F. Supp. 3d at 481, and was elevated to the Seventh Circuit a month later, see *id*. at 477 n.2.  The MDL then was reassigned to Chief Judge Pallmeyer.  *Id*.  Issues relating to the interpretation and scope of the August 2022 settlement agreement were presented to the Judicial Panel on Multidistrict Litigation at a March 2023 hearing on a new motion for centralization.  *Id*. at 483.  In denying the motion, the Panel concluded that the cases subject to the motion "should instead be transferred to the existing MDL No. 2948" and found that the issues relating to the interpretation and scope of the settlement are "most appropriately resolved by the original transferee court."  *Id*.